UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JULIO C. DELEON II,

                          Petitioner,

       v.                                                     **DECISION AND ORDER**
                                                                                08-CR-187S
                                                                                09-CV-843S

UNITED STATES OF AMERICA,

                          Respondent.

## I.  INTRODUCTION

Presently before this Court is the Motion of pro se Petitioner Julio C. DeLeon II to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. This Court previously reserved decision on the § 2255 motion until the record could be expanded as ordered.  This Court has received and reviewed the additional submissions, and for the reasons discussed below, Petitioner's § 2255 motion is denied.

## II. BACKGROUND

On July 25, 2008, Petitioner appeared before this Court, waived indictment, and pled guilty to a one-count Information charging him with possession of child pornography in violation of 18 U.S.C. § 2252A (a)(5)(B). (See Docket Nos. 13-15, 35.)  During the plea colloquy, the Court informed Petitioner that the maximum penalty that could be imposed at sentencing included a ten-year term of imprisonment with a term of supervised release of up to life.  (Plea Tr. at 9, Docket No. 35; see Plea Agreement ¶ 1, Docket No. 15.)  The plea agreement reflected the understanding of Petitioner and Respondent that Petitioner's

sentencing range would include a term of imprisonment of either 78 to 97 or 87 to 108 months, depending on his criminal history, with a two to three year term of supervised release. (Plea Agreement ¶ 12; see Plea Tr. at 14-15.) The agreement also included Petitioner's acknowledgment that he remained subject to the maximum penalty at sentencing. (Plea Agreement ¶¶ 1, 20.) Finally, as relevant, Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶12, . . . notwithstanding the manner in which the Court determines the sentence." (Id.)

Petitioner was sentenced on November 20, 2008 to a term of incarceration of 108 months with a life term of supervised release. (Sentencing Hr'g at 20, Docket No. 36.) No notice of appeal was filed. The instant § 2255 motion was filed by Petitioner on September 28, 2009. (Docket No. 30). Respondent filed an opposing Memorandum of Law (Docket No. 37), to which Petitioner responded with a letter, which this Court will accept as a reply declaration. (Docket No. 39). In the prior Decision and Order, this Court reserved decision on Petitioner's § 2255 motion and ordered Petitioner and his former trial counsel to submit affidavits regarding Petitioner's alleged request for an appeal to be filed.

### III.  DISCUSSION

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

2

> without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).  The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

In his motion, Petitioner argues that he is entitled to relief pursuant to § 2255 because (1) he was denied effective assistance of counsel; (2) he was sentenced to a term of supervised release that fell above the sentencing range detailed in his plea agreement; (3) his conviction was the result of an illegal arrest; (4) his conviction was the result of an involuntary confession; and (5) his conviction was the result of illegally obtained evidence. (Pet.'s Mem. of Law, Docket No. 30.)  He asserts in his initial submission that he did not raise these issues in a direct appeal "on advice from my attorney not to file a direct appeal because it will just upset the judge.  After doing some research of my own I believe I have every right to file this motion." (Pet.'s Mem. of Law at 5.)  Thus, as written, it appears that Petitioner initially accepted counsel's advice but subsequently changed his mind.  In his reply declaration, however, Petitioner clarifies that after being advised by counsel that filing an appeal would "upset the judge," he told counsel that "I wanted her to file an appeal and she stated she would if that[']s what I wanted and I stated yes," but no appeal was ever filed.  (Pet.'s Reply Decl. at 3, Docket No. 39.) Accordingly, in addition to the allegations

3

that trial counsel failed to argue that the presentencing report inaccurately reflected his criminal history and that she failed to object to an improper two-level sentencing enhancement, (Pet.'s Mem. of Law at 4), Petitioner has asserted that counsel failed to file a notice of appeal as he specifically requested.

### A.     Ineffective Assistance

An ineffective assistance of counsel claim may be raised in a § 2255 motion despite the failure to raise such a claim on direct appeal. Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003). Where, as here, a defendant's conviction has been secured by way of a plea agreement, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that this deficiency in performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); see Strickland v. Washington, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

   *1.     Failure to file notice of appeal*

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), even if the defendant has waived the right to appeal or the lawyer believes the appeal to be frivolous. Campusano v. United States, 442 F.3d 770, 771-772 (2d Cir. 2006); see also Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002)(the failure of trial counsel to file a requested appeal constitutes an independent ground for habeas relief). In the prior Decision and Order, this Court ordered that affidavits be filed from both trial counsel and Petitioner describing the

factual circumstances related to Petitioner's allegation that he requested that a notice of appeal be filed on his behalf.

The affidavit of Petitioner's trial counsel was filed and she averred that "[a]t no point did [Petitioner] ask me to appeal his conviction or sentence." (Aff. of Roxanne Mendez Johnson, Esq., Docket No. 41-1.) Further, counsel "maintained a chronological log of all conversations [she] had with [Petitioner] and others about this case. There are no records in the office file which would suggest that he ever asked [counsel] to file an appeal for him." (Id.)

Although Petitioner filed a declaration in response,[1] he fails to specifically address, as ordered, his allegation that he requested counsel file an appeal. (Decl. of Pet. Julio C. DeLeon II, Docket No. 42.) Instead, Petitioner elaborates on the reasons why he believes an appeal would have merit. As noted in the prior Decision and Order, it was and is unclear whether Petitioner is asserting the he requested counsel to file a notice of appeal but acquiesced to her recommendation not to do so, or if counsel expressly indicated that she would file but failed to follow through. Because Petitioner failed to provide any specific factual allegations in his declaration to support his contention, it is insufficient in comparison with counsel's more detailed affidavit to warrant further consideration. Powell v. United States, No. 07-CV-1199, 06-CR-16-3 (GLS), 2008 WL 4426629, *2 (N.D.N.Y. Sept. 25, 2008) (disparity in specificity between affidavits of counsel and petitioner supported conclusion that no hearing was necessary); see also United States v. Aiello, 814

---

[1] Contrary to Petitioner's assertion that he was given an "opportunity to expand [his] 2255 motion," the Court ordered only that he file an additional submission "further describing the factual circumstances related to his allegation that trial counsel failed to file the requested notice of appeal." (Decision & Order at 4, Docket No. 40.) Further, to the extent the declaration can be read to assert new claims not found in Petitioner's original motion, such claims will not be considered.

F.2d 109, 113-114 (2d Cir. 1982) (a genuine issue of material fact is not created by "[a]iry generalities, conclusory assertions and hearsay statements").

    2.    *Failure to make appropriate objections at sentencing*

Petitioner argues that he was denied effective assistance of counsel by counsel's failure to raise an objection regarding (1) the accuracy of his criminal history in the presentence investigation report and (2) an improper two-level sentencing enhancement. With respect to the first issue, upon the Court's questioning at sentencing, Petitioner agreed that he had discussed his presentence report with counsel and that any "questions [he] ha[d] been answered to [his] satisfaction." (Sentencing Hr'g at 2; see Def.'s Am. St. of Sentencing Factors ¶ 2, Docket No. 21.); see Brown v. United States, 637 F.Supp.2d 212, 223 (S.D.N.Y. 2009) (ineffective assistance claim without merit where it is contradicted by the record).

Further, counsel did object to a two level sentencing enhancement as being outside the scope of the plea agreement, which the Court considered and overruled. (Sentencing Hr'g at 6-7; Def.'s Am. St. of Sentencing Factors ¶ 3.) Petitioner asserts in his reply declaration, however, that counsel was ineffective in failing to object on the ground that the enhancement was based on a fact to which Petitioner had not admitted. This argument is without merit. The Court adopted the recommendation in the presentence report to impose a two-year sentencing enhancement based on Petitioner's facilitation of distribution by the use of file sharing software. Petitioner admitted to the use of that specific software in his plea agreement. (Plea Agreement ¶ 5.) Accordingly, it cannot be concluded here that counsel's failure to raise this argument at sentencing was objectively unreasonable. Hill, 474 U.S. at 58-59.

**B.      Procedural Bar to Remaining Claims**

The remaining claims in Petitioner's § 2255 motion are that the Court violated the plea agreement by sentencing Petitioner to lifetime supervision; and that his conviction resulted from: (a) an illegal arrest, (b) an involuntary confession, and (c) illegally obtained evidence.  For the following reasons, these claims are procedurally barred.

A motion under § 2255 may not be used as a substitute for a direct appeal.  Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998), *cert denied* 526 US 1033, 527 US 1012 (1999); see Bousley v. United States,  523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998) (even a claim that a guilty plea was involuntary cannot be collaterally attacked if not first raised on direct review).  Where a claim that could have been raised on direct appeal, but was not, the claim is considered forfeited. Rosario, 164 F.3d at 732. This "procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007) (quoting Bousley, 523 U.S. at 622). "To satisfy the cause requirement, the petitioner must show circumstances external to the petitioner, something that cannot be fairly attributed to him." Zhang, 506 F.3d at 166 (internal quotation marks and citation omitted).

Here, as discussed above, Petitioner has failed to substantiate his claim that counsel did not file an appeal as specifically requested.  Petitioner offers no other reason for his failure to file an appeal.  Indeed, Petitioner is correct that the waiver in his plea agreement did not preclude him from appealing that part of his sentencing imposing lifetime supervision, as this was in excess of the agreed-upon sentencing range. (See Plea Agreement ¶ 12 (agreed upon range for supervised release was 2-3 years), ¶¶ 20-21

(waiving right to appeal any component of the sentence imposed "which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶12", Docket No. 15.).)  Further, Petitioner does not assert that he was actually innocent, but adheres to his admission of guilt with respect to possession of child pornography.  Finally, because there was no court-approved reservation of these issues for appeal, Petitioner waived all challenges to the prosecution except those going to the Court's jurisdiction by pleading guilty. United States v. Hsu, 669 F.3d 112, 117-118 (2d Cir. 2012); Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987)

**D.   Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert denied* 538 U.S. 950 (2003).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

### IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor

person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 30) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken *in forma pauperis* would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 09-CV-843S.

SO ORDERED.

Dated: August 31, 2012
      Buffalo, New York

                                      /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                        Chief Judge
                                    United States District Judge